UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

Logan S. Edwards III

V.

T. Rule Warden

FILED
04/29/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Petition under 28 U.S.C. 2241
for Writ of Habeas Corpus

This 28 U.S.C. § 2241 motion to vacate, set aside, or correct sentence was filed pro se by Logan S. Edwards III on 4-25-2022. The movant alleges that he is entitled to relief pursuent to the United States Supreme Court recent decision in Borden vs United States 141 S. Ct 1817 (June 10, 2021). The Defendants, Indiana Convictions. 922G 0756 1:19 CR 00057-001K (my Federal case) Case# 53003-8801-CF-31 of Armed Robbery, Case# 48001-8801-CF-3 of Armed Robbery, Case# 49G01-8801-CF-06509 of Robbery with a gun and. Case# 49G02-8802-CF-12647? do not qualify as predicate offense for ACCA sentencing.

The Indiana defintions of Armed Robbery And Robbery is Not A Violent felony because it can be committed mens rea recklessness The Defendant Respectfully Ask the Court to Vacate, Set Aside or correct his Sentance.

## Statement of Facts.

The Defendant comes before the Court Under 28, U.S.C. §2241 because he is Under Terre Haute Jurisdiction And is being held under A iLegal Sentance. Due to statutary Language, The Defendants, Predicate offense can No Longer be convictions, under Violent Felonies" There fore He can No Longer be enhanced For the ACCA carrer offender, The Defendant has been in the BoP custody For 38 months And has A release date of Feb 2034. The defendant is under A iLegal Sentence Due to his statute 924(E)(2) of tittle 18 U.S.C. can no Longer stand because his Prior Predicate offence Are no Longer "crimes of violence."

## Background

The defendant was Arrested in Jan 88 And charged with Four Robbery's with A weapon. He recieved 12, 2, And 1 years Sentence running Consecutive to 3 10 years Sentences running Concurrent with the 12, 2, And 1.

In Nov 86, He was charged with Felon in Possession And Armed career criminal (ACCA) And was released out of the BoP in May 26, 2017, And was Arrested on Feb 1, 2019. The defendant was charged under Felon in Possession. But when he went to sentencing in July 2020, His PSI was used to push him to (ACCA) And he recieved 205 months.

## Legal Standerd

The Armed career criminal Act (ACCA) 18 U.S.C. § 924 (E), mandates a 15-year minimum sentence for Persons Found guilty of illegally possession a Firearm who have (3) or more prior convictions for a violent felony."
An offense qualities as a Violent Felony under (ACCA) elements clause if it necessary involves the use, Attempted use, or threatenes use of physical force Against the person of Another. 18 U.S.C. § 924(E)(2)()() offense with a recklessness does not qualify as a "violent felony" under ACCA's elements clause.
(a) That conclusion follows from statutery text. The Pharse "Against Another" when modifying a Volitional Action Like the "use of force" demands that the Perpetrater direct his force at another Individual. "Reckless" conduct is not Aimed in that Prescribe manner

Leocal confirms that conclusion. When read against the words "use of force" the courts explain the "against phrase": the definitions "critical aspect," suggest a higher degree of intent" than (at least) negligence. 543 U.S. at 9, 125 S. Ct. 377, 160 L Ed 2d at 72-77

(b) The ordinary meaning of the term "violent felony" which elements cause defines -- Also informs which the elements clause defines -- Also informs this construction. As Leocal explains, we cannot forget that we ultooley are determing the meaning of the term "crime of violence." 543 U.S. at ___ 125 S ct 377, 160 L. Ed. 2d 271. the courts say the same in "Johnson V. united states, 559 US 133, 130 S Ct 1265, 176 L Ed 2V 1 when construing language in ACCA's definition of "violent felony. Id at 139-140 with that focus in place, both decisions construe the definitions at issue to mark out a narrow "category of violent active crimes Id at 140, 130 S ct 1265, 176 L Ed 2d 1 543 U.S. at 11, 125 S ct 377, 160 L Ed 2d 271 And these crimes are best understood to involve a purposeful or knowing mental state --- A deliberate choice of wreaking harm on another, rather than mere indifference to risk. P___, 210 L. Ed. 2d at 22.

(C) Classify Reckless Crimes as "violent felons"

would also conflict with ACCA" Purpose. Congress enacted ACCA to address "the special danger created when a particular type of offender, - A violent criminal, possesses A gun V. United States, 553 U.S. 137, 146, 128 S. Ct. 1581, 170 L. Ed 2d 490, An offender who has repeatedly committed "Purposeful, Violent And Aggressive" Crimes poses An uncommon of "us[ing A] gun deliberately to harm (him) A revealing only A "degree of callousen toward risk. Id At 147, 128 S. Ct. 1581, 170 L Ed. 2d 490. The governments Contrary View However the reclers (or negligence) conduct involves In such A crime is "far removed" from the deliberate kind of behavior Associated with Violent criminal use of Fire Arm." Id at 147, 128 S. Ct 1581, 170 L Ed. 2v 490 the Government Contrary View would Label As ACCA Predicates A range of common offenses - Like reckless driving that Congress did not mark for heightened Punishment. (0) The Governments main response is the courts decision in Voisine, which interpreted the Phrase "Use of force" In defining A "misdermeaner crime of domestic" to cover reckless Conduct, But that Argument ignores the textual difference between the two statutes -- the Against Clause, that Phrase As Leocal recognized it is not window dressing, It

is the "critical" text deciding the level of mens rea needed 543 U.S. at 9, 125 S Ct 377, 160 L. Ed. 271 And as the Court has explained "Against the Person of Another" when modifying the "use of physical force" introduces that Actors conscious object so too the Government Argument disregards how the context and purpose of the statue in voisine diverge from those of ACCA" elements clause. The provision in voisie defines not a "violent felony" but a "misdemeanor crime of domestic violence". It focuses on those conviction not of serious Felony offenses, but instead of "garden-variety Assaults of battery misdemeanors" 579 US at ___, 136 S Ct 2272, 145 L Ed 2d 736, 745 And it captures not "violent Active conduct Alone, but Also "Acts that one might not characterize as "violent in a non domestic context U.S. v. Castleman 572 U.S 157, 165, 134 ct 1405, 188 L. Ed 2d 426'. Given those surrounding differences in coverage, it makes sense that the domestic violence provisor would include reckless behavior when ACCA" element clause does not Justice Thomas concludes that ACCA" element's clause does not emcompass Any conviction that can be committed through mere recklessness does not have AN element to "use of Physical force"

because that phrase" has a well-understood meaning applying only to intentary acts deployed to cause harm, Justice Kagan announces the Judgement of the Border case and delivers am opinion in which such Gorsuch, Justice Breyer, Justice Sotomayor and Justice Gorsuch Join. The Armed career Crimal Act (ACCA) 18 U.S.C. 924(E) mandates a 15 year minimum Sentence For Person found guilty of illegally possession a gun, who have three or more prior convictions for a "violent felony, the question here is whether a criminal offense can count as a "violent Felonly" if it requires only a mens rea of recklessness - a less cuppable mental state tham purpose or knowledge, they held that a reckless offense cannot so qualify. To decide wheather am offense satisfies the elements clause, Courts use the categorical Approach See Stoke v. united states, 586 U.S. — 139. S. Ct. 544, 202 L. Ed. 2d 512, 517, (2019) under that by now famier method, applicable in several statorstory contexts. { The facts of a given case are irrelevant, the focus is instead on whether the elements of the statue of conviction meet the Federal standard. Here that means Asking whether a state offense necessary involves the defendants" use, attempted use, or threatened

use of physical force against the person of another, 29(e)(2)(a)(i) see Shular V. United States, 589 U.S. ___ 40 S. Ct. 779, 783-84. 206 L Ed, 2d, 81, 88-91 (2020) if any even the least culpable of the acts criminalized do not entail that kind of force, the statue of conviction does not categorically match the Federal standard and so cannot serve as an ACCA predicate. see Johnson V United states.

## Argument

The defendant moves 28 U.S.C. §2241 For writ of Habeas Corpus. The defendant alleges he is entitled to relief pursuant to the United States Supreme Courts recent decision in Borden V. United states 141 S. Ct 1817 (June 2021) The defendant was charged For 922(g)(1) enhanced at sentencing to 924E (ACCA). Borden clearly states, The Armed career criminal act (ACCA) 18 U.S.C. § 924(e) mandates a 15 year minimum sentence For a person found guilty of illegally possession a fircarm, who have three or more prior convictions for a "Violent Felony" under ACCA elements clause if it necessary involves" the use, attempted use, or threaten use of physical force against the person of another"

18 U.S.C. § 924(e)(2)(B)(i) offense that can be committed with mens rea recklessness does not qualify as a violent felony "under ACCA" elements clause. Here the Defendant's Predicate offenses of:

Case # 41001-8801-CF-3 of Armed Robbery
Case # 53003-8801-CF-31 of Armed Robbery
Case # 49601-8801-CF-06509 of Robbery
Case # 49602-8802-CF-12642 <u>do not qualify</u> as Predicate offenses for ACCA sentencing.

## Conclusion

The defendant comes before Courts with Writ of Habeas Corpus Petition due to statutory text being Void and is requesting the Court to Vacate, Set Aside or Correct his sentence and release him from BOP custody.

## Certificate of Service

I now send this by U.S. Postal Service to the Courts and all Parties concerned.

Logan D. Edwards, III
05800-028